United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30752

_____


KAREN LECLERC; GUILLAUME JARRY;
BEATRICE BOULORD; MAUREEN D. AFFLECK,

Plaintiffs - Appellants - Cross Appellees,


versus


DANIEL E. WEBB, ET AL.,

Defendants,


DANIEL E. WEBB; HARRY J. PHILLIPS, In Their Respective
Official Capacities as Chairman and Vice-Chairman of the
Louisiana Committee on Bar Admissions;
JEFFERY P. VICTORY; JEANNETTE THERIOT KNOLL;
CHET D. TRAYLOR; CATHERINE D. KIMBALL, a/k/a Kitty Kimball;
JOHN L. WEIMER; BERNETTE JOSHUA JOHNSON, In Their
Official Capacities as Justices of the Louisiana
Supreme Court,
Defendants - Appellees - Cross Appellants.



*************************************************************
*



_____

No. 03-31009

_____


CAROLINE WALLACE; EMILY MAW,

Plaintiffs - Appellees,


versus


PASCAL F. CALOGERO JR., in his official capacity as

Chief Justice of the Louisiana Supreme Court;
JEFFREY P. VICTORY; JEANNETTE THERIOT KNOLL;
CHET D. TRAYLOR; CATHERINE D. KIMBALL; JOHN L. WEIMER;
BERNETTE J. JOHNSON, in their official capacities as
Justices of the Louisiana Supreme Court;
DANIEL E. WEBB; HARRY J. PHILLIPS, JR., in their
respective official capacities as Chairman and
Vice-Chairman of the Louisiana Committee on Bar Admissions,

Defendants - Appellants.

---

Appeal from the United States District Court
for the Eastern District of Louisiana,

---

<u>ON PETITION FOR REHEARING EN BANC</u>
(Opinion 8/18/05, 5th Cir. 419 F.3d 405)

Before JONES, Chief Judge, and SMITH, and STEWART, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service and who are not disqualified not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the petition for rehearing en banc is **DENIED**.

2

Patrick E. Higginbotham, Circuit Judge, joined by KING, DAVIS, WIENER, BENAVIDES, STEWART, and DENNIS, Circuit Judges, dissenting from the denial of rehearing en banc.

I respectfully dissent from the Court's refusal to consider en banc the important issues in this case. The panel majority rejects strict scrutiny on the basis that these "nonimmigrant aliens," whatever that means, are not as "discrete and insular" as the "permanent resident aliens" afforded suspect classification by the Supreme Court. It reaches that result by judicially crafting a subset of aliens, scaled by how it perceives the aliens' proximity to citizenship. This is a bold step not sanctioned by Supreme Court precedent.

For decades, many have argued that it is the classification of aliens as an insular minority that is suspect. The criticism comes in two forms. To some, the unique federal interest in regulating aliens offers a superior rationale for strict scrutiny than the aliens' insular status. As the Supreme Court has recognized, "the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal government."[1]

---

[1] *Mathews v. Diaz*, 426 U.S. 67, 81 (1976); *Toll v. Moreno*, 458 U.S. 1, 10 (1982) (holding that the Supreme Court has "long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders" and collecting cases to that effect).

3

To others, the insular status of aliens exists only as a consequence of valid federal law, making strict scrutiny of alienage classifications never appropriate. This contention strikes twice. First, it contends that the alien's limited political role cannot support their treatment as an insular minority. This, because the very admission of the alien is by legislation that defines his role in the political community, subject only to constitutional constraints upon the exercise of that federal power. Second and relatedly, given the supreme federal regulatory power over matters of immigration, the status of persons admitted in conformity with federal law is by definition not immutable. To the point, this criticism is leveled at the claimed insular minority status of *all* aliens lawfully in the country. It draws no distinction between a particular alien's connection to citizenship or subsets of lawfully admitted persons. Rather, it rejects strict scrutiny without regard to the aliens' proximity to citizenship, the relevant factor for discrete and insular minority status under *Carolene Products*.

Resting strict scrutiny on the insular minority status of legally admitted aliens has its weaknesses. But none support the panel opinion and, in any event, each has been rejected by the Supreme Court. As for the trumping constitutional power of the federal government in controlling the nation's borders, including matters of immigration and naturalization, an allocation that the

4

Supreme Court has pointed to as itself demanding strict scrutiny of state regulations of persons whose presence in the country is lawful under federal law, the panel majority is silent——a silence made the more puzzling by its rationale that this "category" of alien has such a limited tenure in the United States under the conditions of federal law admitting them that their state regulation should not be subjected to strict scrutiny. This is exactly backwards. As the federal constraints are increased, the regulatory field for states is decreased.[2] As the federal judiciary draws distinctions between different classes of aliens, applying strict scrutiny to some and rational-basis review to others, it shifts responsibility over aliens from the Congress to the States. This is perverse. The panel majority relaxes scrutiny of state regulation of aliens as the federal regulation of them is increased. This is too ambitious for me.

---

[2] *Mathews*, 426 U.S. at 81; *see also Graham v. Richardson*, 403 U.S. 365, 378 (1971) ("[States] . . . can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States . . . . State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid." (quoting *Takahashi v. Fish & Game Comm'n*, 334 U.S. 410, 417 (1948))).

CARL E. STEWART, Circuit Judge, with whom KING, HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges, join dissenting from the denial of rehearing en banc.

I dissent from the court's denial of rehearing en banc in this case involving the rights of alien law school graduates to be admitted to practice law in the State of Louisiana. For the reasons more fully detailed in my dissenting opinion from the panel majority's holding,[1] I reject the panel majority's creation of a new classification of "nonimmigrant aliens," a distinction the Supreme Court has never drawn when discussing the alien suspect class, and its application of rational basis review to laws targeting this class. The matter at issue is clearly enbancworthy because of the far reaching consequences of the panel's holding. I continue to maintain that the plaintiffs in this case, who are lawfully admitted aliens residing in the United States, are part of the alien suspect class and that, therefore, laws that discriminate against them are inherently suspect and should be subjected to strict scrutiny. Accordingly, I dissent from the full court's failure to vacate the panel opinion and hear the case anew. Moreover, I fully concur in the persuasive opinion dissenting from

---

[1] *LeClerc v. Webb*, 419 F.3d 405, 426-31 (Stewart, J., concurring in part and dissenting in part).

6

the denial of rehearing en banc penned by Judge Higginbotham.